Nancy G. KNUDSEN, as personal representative for the Estate of Phillip S. Knudsen, deceased, Plaintiff–Appellant,

v.

CITY OF TACOMA, a municipal corporation under the Laws of the State of Washington; James L. Walton, in his individual capacity; Kevin Phelps, City of Tacoma Council Person, in his individual capacity; Sharon McGavick, Former City of Tacoma Council Person, in her individual capacity; Rick Talbert, City of Tacoma Council Person in his individual capacity; Robin Jenkinson, Former City Attorney for the City of Tacoma, in her individual capacity; John and Jane Does, 1 through 10 in their individual capacites, Defendants–Appellees.

No. 05–36196.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed July 27, 2007.

Paul Lindenmuth, Esq., Law Offices of Ben F. Barcus, Tacoma, WA, for Plaintiff–Appellant.

Jean P. Homan, Esq., Tacoma City Attorney's Office, Stephanie L. Bloomfield, Esq., Gordon Thomas Honeywell Malanca Peterson & Daheim, PLLC, Tacoma, WA, for Defendants–Appellees.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: HAWKINS and WARDLAW, Circuit Judges, and POLLAK *, Senior Judge.

MEMORANDUM **

The Estate of Philip S. Knudsen appeals from the district court's grant of summary judgment in favor of Appellees in this 42 U.S.C. § 1983 action alleging retaliation for the exercise of First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

"The district court's grant of summary judgment is reviewed de novo." *Qwest Commc'ns v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006). To demonstrate unlawful retaliation, the Estate must show: "(1) that the conduct at issue is constitutionally protected, and (2) that it was a substantial or motivating factor in the [punishment]." *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir.2001) (as amended) (quoting *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 675, 116 S.Ct. 2361, 135 L.Ed.2d 843 (1996)). If that showing is made, the Defendants "can escape liability by showing that [they] would have taken the same action even in the absence of the protected conduct." *Id.* Defendants concede that the conduct at issue here was constitutionally protected speech.

Thus, only the highly fact-specific inquiry into the causal linkage between Knudsen's speech and his firing was decided on summary judgment. Knudsen's death during the pendency of the case before the district court undoubtedly creates numerous unresolved evidentiary difficulties for the Estate. However, "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir.2003). While there is certainly evidence supporting Appellees' assertion that Knudsen was fired for reasons wholly unrelated to his public comments, viewed in the light most favorable to the Estate, genuine issues of material fact exist as to whether Knudsen would have been fired "even in the absence of the protected conduct." *Gilbrook v. Westminster*, 177 F.3d 839, 853 (9th Cir.1999). We therefore reverse the district court's grant of summary judgment as to all Defendants. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir.2004).

**REVERSED AND REMANDED.**

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.